IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| KELLY S. MCENTIRE,<br><br>    Plaintiff,<br><br>v.<br><br>FEDERATED INVESTMENT<br>MANAGEMENT, et al.,<br><br>    Defendant. | **REPORT AND RECOMMENDATION**<br><br>Case No.  2:12-cv-00375-DB-EJF<br><br>District Judge Dee Benson<br><br>Magistrate Judge Evelyn J. Furse |

  *Pro se* Plaintiff Kelly McEntire, proceeding *in forma pauperis*, filed his Complaint against Federated Investment Management, America First Credit Union, Bank of Utah, Weber Credit Union, Robert Newman, and James Selander (collectively, "Defendants") on April 24, 2012.  (Docket Nos. 2, 3.)  On May 7, 2012, District Judge Dee Benson referred this case to Magistrate Judge Paul M. Warner pursuant to 28 U.S.C. section 636(b)(1)(B).  (Docket No. 8.)  On May 21, 2012, this referral was reassigned to the undersigned magistrate judge.  (Docket No. 11.)  Currently before the Court are Plaintiff's Motion for Service of Process (Docket No. 4), Motion to Appoint Counsel (Docket No. 5), Motion to "to be allowed to file against defendant using a post office box" (Docket No. 6), and Motion "to grant Plaintiff time to contact and serve legal counsel of all Defendants" (Docket No. 7).

  The Court has carefully considered these motions and held a hearing on October 10, 2012, and recommends that the District Judge dismiss the case without prejudice pursuant to the *in forma pauperis* statute, 28 U.S.C. § 1915(e)(2)(B)(i), because Mr. McEntire's Complaint is frivolous.

1

**BACKGROUND**

At the outset, the Court notes that Plaintiff Kelly McEntire has filed at least two similar cases in this district.[1]  District Judge Paul G. Cassell dismissed the first of these cases, filed in 2006, for failure to prosecute.  *See McEntire v. Federated Investment Management, et al.*, No. 1:06-cv-00133-DAK, Docket No. 32.  Plaintiff voluntarily withdrew the second case on April 16, 2012, *see McEntire v. Federated Investment Management, et al.*, No. 2:12-cv-00320-DAK, Docket No. 7, mere days before filing the instant action on April 24, 2012.  Plaintiff withdrew from that case "[i]n order to save [his] physical and mental health."  *Id.*

Plaintiff proceeds *pro se*; therefore, the Court will construe his pleadings liberally.  *See Ledbetter v. City of Topeka*, 318 F.3d 1183, 1187 (10th Cir. 2003) (citation omitted).  Even so, Plaintiff's Complaint is very confusing.  In his Complaint, Plaintiff alleges that Defendants "conspired against me and the IRS to deny me beneficial interest in my wifes [sic] Trust Fund." (Compl. 3.)  In addition to the Complaint, Plaintiff filed over two dozen additional documents with the Court, many of which he apparently intends to supplement his Complaint.

At the October 10, 2012 hearing, the Court asked Plaintiff to clarify the allegations in his Complaint.  Plaintiff's explanation of the facts, however, is confusing and incredible.  Plaintiff stated that he is a beneficiary of a trust in his late wife's name, to the tune of two billion dollars.  Plaintiff also stated that he does not have a copy of the trust, has never seen it, and has no idea how to get a copy, but claims he found out about it from Microsoft.  Plaintiff alleged that his brother in law and numerous corporations used the trust to commit tax fraud and funneled funds away from the trust.  Plaintiff stated he works with the Internal Revenue Service ("IRS") on a federal case and that the IRS has aided him in this action by providing him with information.

---

[1] *See McEntire v. Federated Investment Management, et al.*, No. 1:06-cv-00133-DAK; *McEntire v. Federated Investment Management, et al.*, No. 2:12-cv-00320-DAK.

Plaintiff also stated that he works with the United States Attorneys' Office on a related criminal case.

In addition, Plaintiff stated that the Utah State Retirement System denied him retirement and that retirement after thirty years of employment is a requirement for Plaintiff to qualify for benefits under the trust.  Plaintiff also alleged that the Utah State Retirement Board, the Bank of Utah, and Weber Credit Union are all holding funds from the trust.  Next, Plaintiff alleges Microsoft contacted him, told him to file a case in this district, and offered him a two billion dollar settlement.  However, Microsoft told Plaintiff that because he takes daily pain medication, they would not give him the settlement funds absent a power of attorney.  Further, in the fall of 2010, Plaintiff believes people broke into his home on a daily basis, stealing some documents and leaving others.

During a confusing discussion about the Securities and Exchange Commission's ("SEC") involvement with a social security disability case, Plaintiff stated that Microsoft told him to file a claim under no benefits to third party beneficiaries.  Plaintiff also alleges that the SEC contacted him early on, but now the IRS is the main federal agency involved with the case.

## ANALYSIS

This Court granted Plaintiff leave to file his Complaint under the *in forma pauperis* statute, 28 U.S.C. § 1915.  The *in forma pauperis* statute requires a court to "dismiss the case at any time if the court determines that" it "is frivolous or malicious."  28 U.S.C. § 1915(e)(2)(B)(i).  In *Nietzke v. Williams*, 490 U.S. 319 (1989), the Supreme Court explained the meaning of the term "frivolous" in the context of the *in forma pauperis* statute by stating that

> a complaint, containing as it does both factual allegations and legal
> conclusions, is frivolous where it lacks an arguable basis either in law or
> in fact. . . . [The] term "frivolous," when applied to a complaint, embraces

>    not only the inarguable legal conclusion, but also the fanciful factual
>    allegation.

*Id.* at 325 (citations omitted).  The *in forma pauperis* statute gives courts authority to "dismiss those claims whose factual contentions are clearly baseless . . . [such as] claims describing fantastic or delusional scenarios."  *Id.* at 327-28.  *See also Hall v. Bellmon*, 935 F.2d 1106, 1108-10 (10th Cir. 1991).  "[A] finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible."  *Denton v. Hernandez*, 504 U.S. 25, 33 (1992).  Plaintiff's Complaint meets this standard.

Plaintiff's Complaint, statements at the October 10, 2012 hearing, and numerous filings demonstrate the frivolity of his case.  For example, in addition to unsupported and confusing allegations about involvement with the SEC and IRS, Plaintiff states in a letter dated September 19, 2012, that "the FBI first investigated they told me of a conflict of interest for Mr. Newman." (Docket No. 28.)  Exactly what the FBI investigated or what the nature of Defendant Newman's conflict of interest was, however, are not clear.  This letter continues, "[t]hese people lowjacked my truck, stole my mail, and judging by the conversations I met their agents and talked to them on several occassions [sic]."  *Id.*  Another reads in part: "I am sorry for my short pshchotic [sic] break this week.  I welcome any tests for any reason.  I just get tired of looking over my shoulder."  (Docket No. 19.)

Consequentially, Plaintiff's Complaint meets the definition of being baseless or frivolous.  *Cf. Hazen v. Carter*, 274 F. App'x 701, 702-03 (10th Cir. 2008) (affirming sua sponte dismissal of *in forma pauperis* complaint where *pro se* plaintiff claimed he had been deprived from using a parcel of land for building a solar city and had taken leave from his employment to work with his friend, California Governor Schwarzenegger, in order to help western states with water and power issues).

The Court notes that Plaintiff's letter withdrawing a similar case filed in this district, dated mere days before he filed this case, recognized a concern for his mental health.  *See McEntire v. Federated Investment Management, et al.*, No. 2:12-cv-00320-DAK, Docket No. 7.  The Court is sympathetic to Plaintiff's difficult circumstances, however, those circumstances have no effect on the Court's duty under the *in forma pauperis* statute.  Plaintiff's Complaint is incredible and irrational; therefore, this Court should dismiss it as frivolous under the *in forma pauperis* statute.

## RECOMMENDATION

For the reasons set forth above, the undersigned Magistrate Judge RECOMMENDS the District Judge dismiss Plaintiff's Complaint without prejudice as frivolous under the *in forma pauperis* statute, 28 U.S.C. § 1915(e)(2)(B)(i).

Copies of this Report and Recommendation are being sent to all parties, who are hereby notified of their right to object.  *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  The parties must file any objection to this Report and Recommendation within fourteen (14) days after receiving it.  *Id.*  Failure to object may constitute waiver of objections upon subsequent review.

DATED this 6th day of November, 2012.

BY THE COURT:

_____
EVELYN J. FURSE
United States Magistrate Judge